IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                              Case No. 21-10085-JWB

NICHOLAS R. SANDEFUR,

        Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on Defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The motion is fully briefed and ripe for decision. (Docs. 37, 39, 40.) The motion is DENIED.

**I.   Facts**

Defendant Nicholas R. Sandefur was charged with a single count of possession with intent to distribute 50 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (Doc. 1.) Defendant pleaded guilty to his single count Information on February 22, 2022. (Doc. 14 at 8.)

Under the United States Sentencing Guidelines, he received a base offense level of 36. (Doc. 21 at 6.) In preparing the presentence report, the probation office applied an enhancement of two levels under U.S.S.G. 2D1.1(b)(1) for possession of a dangerous weapon, but the court sustained Defendant's objections to this enhancement, holding that it did not apply. (Doc. 24 at 1.) Defendant's offense level was reduced by an additional three points for accepting responsibility for his misconduct. (Doc. 21 at 6.) Thus, his total offense level was 33. (Doc. 24 at 1)

Defendant had a criminal history that resulted in three criminal history points. (*Id.* at 10.) He also committed the offense while serving a criminal justice sentence, so two criminal history points were added pursuant to U.S.S.G § 4A1.1(d). (*Id.*) Thus, Defendant had a total of five criminal history points that resulted in a criminal history category of III. (*Id.*)

Defendant's offense level of 33 and his criminal history category of III yielded a sentencing range of 168–210 months. The court applied a downward variance of 18 months and sentenced Defendant to a term of 150 months. (Doc. 23 at 2; Doc. 24 at 2.)

Defendant brings the current motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), an amendment to the United States Sentencing Guidelines. More specifically, Defendant seeks a reduction in his sentence based upon Part A of Amendment 821. As discussed more fully below, Part A affects the impact of criminal history points. Defendant's motion is predicated upon the revision of U.S.S.G § 4A1.1(d), which increased his criminal history points to five and yielded a criminal history category of III. Defendant alleges that under the revised Sentencing Guidelines, he would have a criminal history category of II, which reduces the sentencing range to 151–188 months. Defendant then requests the court to apply the 18-month downward variance, resulting in a sentence of 131 months instead of 150 months. For the reasons stated herein, the court denies Defendant's motion to reduce his sentence.

**II.    Analysis**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The

Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Part A of Amendment 821 limits the criminal history impact of "status points." *See* <u>821</u>, United States Sentencing Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited March 5, 2024); U.S.S.G. § 4A1.1(e).

There are also limitations to a court's authority to reduce a sentence based on an amendment to the sentencing guidelines. Section 1B1.10(b)(2)(A) of the Sentencing Guidelines expressly prohibits a court from reducing a sentence pursuant to 18 U.S.C. § 3582(c)(2) to less than the minimum of the amended guidelines range except for defendants who provided substantial assistance. *See* U.S.S.G. § 1B1.10(b)(2)(A).

Here, Defendant argues that he should receive a sentence reduction because under Part A of Amendment 821, his criminal history score would have been three points instead of five. (*See* Doc. 37 at 4; *see* Doc. 39 at 3.) Defendant received a criminal history score of five points because he committed the offense while under a sentence for possession of methamphetamine. (Doc. 21 at 10.) Section 4A1.1(d) was still in effect when Defendant was sentenced, and this subsection added two points to a criminal history score if an offense was committed while under a criminal justice sentence. *See* <u>821</u>, *supra*. When Defendant was sentenced in 2022, his criminal history category of III and his offense level of 33 yielded a sentencing range of 168–210 months. At sentencing, the court varied downward from the sentencing guideline range and sentenced Defendant to 150 months. (Doc. 25 at 2.)

However, Section 4A1.1(e) replaced subsection (d), and under the current language of 4A1.1(e), Defendant would not have received an additional two points for committing the offense while under a criminal justice sentence. Hence, under the current Sentencing Guidelines, he would

3

have received a criminal history category of II instead of III. Under Defendant's revised criminal history category and his offense level of 33, Defendant's sentencing range under the revised Guidelines would be 151–188 months.

Defendant asserts that based upon this new range, and the court's previous downward variance of 18 months, his sentence would be 133 months instead of 150 months. (Doc. 37 at 2.) But under the policy statement applicable to an amended guideline range, the court cannot reduce a sentence based upon § 3582(c)(2) below the minimum of the amended guideline range. *See* § 1B1.10(b)(2)(A). Although in *United States vs. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the Sentencing Guidelines were advisory, section 1B1.10(b)(2)(A) renders Defendant ineligible for relief in this case. This is binding on the court because 18 U.S.C. § 3582(c) precludes a court from modifying a term of imprisonment unless the requirements of that subsection are met. As applicable here, subsection (c)(2) of that statute authorizes the court to modify a sentence of imprisonment when the Sentencing Commission reduces the applicable sentencing range by subsequent amendment to the Sentencing Guidelines, but only "if such a reduction is consistent with applicable policy statements issues by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, even though the court had authority to vary downward below the guideline range at Defendant's *original sentencing*, the court's authority to revisit that sentence and reduce it based on changes to Defendant's guideline sentencing range under Amendment 821 is limited by 18 U.S.C. § 3582(c)(2) and the Policy Statement at U.S.S.G. § 1B1.10(b)(2) to the low end of the amended guideline range. In this case, that lower limit is 151 months. Since Defendant was originally sentenced to 150 months, a term that is below the amended guideline range, the court has no authority to reduce his sentence any further. Accordingly, Defendant's motion for sentence reduction is denied.

III.   Conclusion

IT IS THEREFORE ORDERED BY THE COURT THAT Defendant's motion to reduce his sentence (Doc. 37) is DENIED.

IT IS SO ORDERED.  Dated this 7th day of March, 2024.

s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE